In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00062-CR


______________________________




ARCHIE EARL SIMPKINS, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 37395-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Justice Moseley



O P I N I O N



I. FACTUAL AND PROCEDURAL HISTORY

 Archie Earl Simpkins was a convicted sex offender (1) who resided, upon release, with his
grandparents at 1770 Redmon Road in Longview, Harrison County, Texas, and was required to
register his status as a sex offender with the Harrison County Sheriff's Department. Simpkins
registered on December 5, 2006, and was required to register on an annual basis thereafter for a
period of ten years. Simpkins failed to register in 2007, and next registered on August 15, 2008, as
continuing to live at the same address in Harrison County. 

 As of August 20, 2008, Simpkins had been living at 349 Gamel Lane in Longview, Gregg
County, Texas, for a period of three weeks. (2) Simpkins resided at this address with Traci Eliff, the
mother of two minor children. On November 20, 2008, Simpkins was charged by indictment with
the offense of failure to register as a sex offender in Gregg County. 

 While Simpkins filed a request for jury trial on December 4, 2008, there is an entry on the
trial court's docket that both sides presented for a bench trial on March 17, 2009. Upon
commencement of trial, and after having ascertained that the proceeding would be bifurcated,
counsel for Simpkins stated, "That's all I need to know. We're ready." Judgment of conviction by
the trial court was entered on the same date and punishment was assessed at two years in the State
Jail Division, Texas Department of Criminal Justice. (3) The judgment recites that "[B]oth parties
announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated
above."

II. ISSUES PRESENTED 

 (1) Whether the evidence was legally sufficient to support the conviction;

 (2) Whether the evidence was factually sufficient to support the conviction; and

 (3) Whether the absence of a valid written waiver of jury trial requires reversal.

III. ANALYSIS 

 A. Legal and Factual Sufficiency

 Simpkins contends that the evidence is legally and factually insufficient. We preface our
analysis with the general rule that a person commits the offense of failure to comply with registration
requirements if the person "is required to register and fails to comply with any requirement" of
Chapter 62. Tex. Code Crim. Proc. Ann. art. 62.102 (Vernon 2006).

 Whether one is required to report for his lifetime or only for a period of years, the reporting
requirements during the relevant period are the same. Mantooth v. State, 269 S.W.3d 68, 72 (Tex.
App.--Texarkana 2008, no pet.). A person fails to comply with registration requirements if he fails
to give seven days' notice of intent to change addresses, fails to report a change of address within
seven days, or fails to report a change in employment status within seven days. See Tex. Code
Crim. Proc. Ann. arts. 62.055, 62.057(b) (Vernon Supp. 2009), art. 62.102. Here, Simpkins is
alleged to have failed to report a change of address within seven days. (4)

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); Laster v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is too weak to support the fact-finder's verdict
or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is
clearly wrong or manifestly unjust. Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008);
Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007).

 In this analysis, we use a hypothetically-correct jury charge to evaluate both the legal and
factual sufficiency of the evidence. Grotti v. State, 273 S.W.3d 273 (Tex. Crim. App. 2008). Such
a charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase
the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately
describes the particular offense for which the defendant was tried. Villarreal v. State, 286 S.W.3d
321 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Even
though no jury charge was given, we nevertheless employ this analysis to determine the legal and
factual sufficiency of the evidence. Malik, 953 S.W.2d at 240 (the Malik test applies to nonjury or
bench trials).

 1. The Indictment

 The indictment states, in pertinent part, that:

 [O]n or about the 21st day of August, 2008, and anterior to the presentment of this
Indictment, in the County and State aforesaid, ARCHIE EARL SIMPKINS,
hereinafter called Defendant, did then and there, while being a person required to
register with the local law enforcement authority in the county where the defendant
resided or intended to reside for more than seven days, to-wit: Gregg County,
because of a reportable conviction for Aggravated Sexual Assault, intentionally or
knowingly fail to register with the local law enforcement authority in said county.


 In making an analysis under the hypothetically-correct jury charge, we find that the
indictment required the State to prove that: 1) Archie Earl Simpkins, 2) on or about August 21,
2008, 3) in Gregg County, Texas, 4) was a person required to register with the local law enforcement
authority in the county, 5) where Simpkins resided or intended to reside for more than seven days,
6) because of a reportable conviction for sexual assault. See Tex. Code Crim. Proc. Ann. art.
62.051(a). Due to the multiplicity of registration entities (depending on the situs of Simpkins's
residence or intended residence), the State also had to prove the elements which established the
identity of the law enforcement entity with which he was required to register. See Tex. Code Crim.
Proc. Ann. art. 62.001(2) (Vernon Supp. 2009).

 The crux of Simpkins's challenge to the sufficiency of the evidence centers upon the fact that
the statute which prescribes the agency with whom registration as a sex offender gives alternative
places, depending on whether the proposed registrant lives inside a municipality or outside a
municipality. If a person lives within a municipality, the offender is to register "with the local law
enforcement authority in any municipality where the person resides or intends to reside for more than
seven days," but if that residence or intended residence is not within a municipality, then "the person
shall register or verify registration in any county." Tex. Code Crim. Proc. Ann. art. 62.051
(Vernon Supp. 2009). "'Local law enforcement authority' means, as applicable, the chief of police
of a municipality, the sheriff of a county in this state, or a centralized registration authority." Tex.
Code Crim. Proc. Ann. art. 62.001(2).

 Simpkins challenges the evidence that he failed to register with the entity with which he was
required to register. Simply stated, Simpkins claims the State's evidence is insufficient because the
State failed to prove that Simpkins's residence was located in rural Gregg County and not within the
municipality of Longview. While the State did sufficiently prove that Simpkins failed to register in
Gregg County, Simpkins contends that evidence is not sufficient to support a conviction due to the
lack of evidence as to the actual location of Simpkins's residence. In other words, Simpkins
contends that it was the affirmative obligation of the State to show that Simpkins did not reside
within a municipality because if he resided within a municipality, there would be an entity other than
the Gregg County Sheriff with whom he would be obligated to register.

 2. The Evidence

 Upon his initial release, Simpkins resided with his grandfather in neighboring Harrison
County. After having been asked to leave his grandfather's house in Harrison County, Simpkins
stayed at the home of Eliff (5) for two or three weeks, paying rent in the amount of $100.00 per week. 
Miller testified that Simpkins signed a statement during Miller's investigation of an extraneous
offense. That statement represented that Simpkins was residing at 349 Gamel Lane, Lot No. 2,
Longview, Gregg County, Texas. On Miller's review of the sex-offender registration records of
Gregg County, he discovered that Simpkins had not registered with the Gregg County Sheriff. The
State offered evidence that Simpkins resided or intended to reside at 349 Gamel Lane, Lot No. 2,
Longview, Gregg County, Texas, for more than seven days. 

 Miller testified that as a general rule, sex-offender registration for a person residing in the
unincorporated areas of Gregg County is with the Gregg County Sheriff's Department. However,
if the registration involves a person living within the City of Longview, the required sex-offender
registration entity is the City of Longview (6) (i.e., the Longview Police Department). This testimony
regarding the locale of sex-offender registration dovetails with the statutory requirement as
mentioned above. Tex. Code Crim. Proc. Ann. arts. 62.051, 62.001(2).

 Due to the differences between the places a person is required to register, depending upon
the location of the registrant's residence, there must be proof (in addition to that which showed that
Simpkins did not register with the Gregg County Sheriff), that 349 Gamel Lane was located in rural
Gregg County and not within the municipality of the City of Longview. Absent such evidence, there
is no proof that he failed to register where he was required to register. 

 The testimony in this regard is that part of Gamel Lane is located in the municipal city limits
of Longview, Texas, and part of Gamel Lane is located outside of the City of Longview, in rural
Gregg County. Courtney Walker, an employee of the Gregg County District Attorney's Office,
testified that she has no personal knowledge as to which part of Gamel Lane is within the city limits
of Longview and which part is not. Walker could not affirm whether 349 Gamel Lane is situated
outside the city limits of Longview. Although Walker attempted to testify that she verified through
dispatch that the Gamel Lane address was in the county, this testimony was cut short as hearsay and
was not fully developed. 

 Although Miller testified that 349 Gamel Lane is located in Gregg County, he later conceded
that he was not certain that this residence is not within the city limits of Longview. Miller never
actually went to the house and although he believed it to be in an unincorporated portion of Gregg
County, he could not attest to that with certainty. 

 Consistent with the Fourteenth Amendment's guarantee of due process of law, a defendant
may not be convicted and deprived of his liberty except upon proof beyond a reasonable doubt. In
re Winship, 397 U.S. 358, 364 (1970). In assessing the legal sufficiency of the evidence to support
a conviction, we must consider all of the record evidence in the light most favorable to the verdict. 
Even viewing the evidence in a light most favorable to the verdict, we find that a critical and
necessary element of the proof is lacking: that Simpkins's residence was in a location that would
require him to register as a sex offender with the Sheriff of Gregg County, Texas. 

 Rather, the evidence showed that Simpkins's residence may have been within the city limits
of Longview (in which case, Simpkins would have had no obligation to register with the Sheriff of
Gregg County but would, instead, have been required to register with the Longview Police
Department). No witness was able to affirmatively state that the residence was in an unincorporated
portion of Gregg County. 

 One might say that an inference can be drawn from Miller's testimony that because the Gregg
County Sheriff's Office normally investigates lack-of-registration cases only for areas outside the
City of Longview, this is some evidence that the 349 Gamel Lane residence is not within the
municipality of Longview. However, Miller also testified that the sheriff's department has
jurisdiction within the City of Longview as well as outside its boundaries. This inference is one
based upon a probability or likelihood; it is not based upon proof beyond a reasonable doubt. The
failure of proof here is not like the failure to prove venue (which, in a criminal case, need only be
proven by a preponderance of the evidence, Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005);
Murphy v. State, 112 S.W.3d 592, 604 (Tex. Crim. App. 2003)). Rather, it is the failure of proof of
an essential element of the case against Simpkins. 

 Given the dearth of evidence on this critical element of the State's case, we are compelled to
conclude that the evidence is legally insufficient to support Simpkins's conviction. Because this
finding is fully determinative of this case, we do not continue on to analyze the remaining points of
error raised by Simpkins. 

 We reverse the trial court's judgment and render a judgment of acquittal.




 Bailey C. Moseley

 Justice


Date Submitted: October 29, 2009

Date Decided: November 5, 2009


Publish
1. Simpkins was convicted on April 29, 2004, of aggravated sexual assault. Because Simpkins
was a juvenile at the time of his conviction, he served his sentence of twenty-four months at the
Crockett State School, Texas Youth Commission.
2. This information was uncovered by Chris Miller, a criminal investigator with the Gregg
County Sheriff's Department, when Miller was investigating Simpkins for an extraneous offense. 
3. Tex. Code Crim. Proc. Ann. arts. 62.101(b), (c), 62.102(b)(1) (Vernon 2006) (defining
offense as state jail felony if actor is person whose duty to register expires under Article 62.101(b)
or (c)).
4. Article 62.051 of the Texas Code of Criminal Procedure defines the location of registration:

 

 (a) A person who has a reportable conviction or adjudication or who is
required to register as a condition of parole, release to mandatory supervision, or
community supervision shall register or, if the person is a person for whom
registration is completed under this chapter, verify registration as provided by
Subsection (f), with the local law enforcement authority in any municipality where
the person resides or intends to reside for more than seven days. If the person does
not reside or intend to reside in a municipality, the person shall register or verify
registration in any county where the person resides or intends to reside for more than
seven days.


Tex. Code Crim. Proc. Ann. art. 62.051(a) (Vernon Supp. 2009).
5. Eliff testified that she lived at 349 Redmon Road, Lot No. 2 in Longview. All other
references to Eliff's address were to 349 Gamel Lane, Lot No. 2.
6. In other matters, the Gregg County Sheriff's Department has jurisdiction within the portion
of the City of Longview situated in Gregg County as well.



90i, § 13.01. We
need not address whether summary judgment was appropriate on Beaty's contention that Traut
presented no evidence establishing causation.

 The judgment is affirmed.

 


 William J. Cornelius

 Chief Justice


Grant, J., concurs in the result only.


Date Submitted: March 12, 2002

Date Decided: April 26, 2002


Publish
1. Traut also sued Dr. Robert Mack, but later dismissed him as a defendant in the case.
2. At oral argument, Traut contended her cause of action was based on Beaty's action in
breaking off the wire in her breast. However, in her petition, Traut alleged, "Defendant [has]
violated the common law doctrine of res ipsa loquitur by leaving the needle or piece of a needle in
plaintiff's left breast and [is] thereby guilty of negligence per se."
3. Traut does not contest the trial court's first sanctions order, which dismissed her negligence
claim that was not based on res ipsa loquitur.
4. At oral argument, Beaty contended Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01 (Vernon
Supp. 2002) requires an expert report even when the plaintiff alleges negligence based on res ipsa
loquitur. This contention is somewhat broader than the one he made in his brief, in which he
contends an expert report is needed to establish causation when the plaintiff alleges negligence based
on res ipsa loquitur. See Appellant's Brief at 6-7 ("The application of . . . res ipsa loquitur . . . does
not eliminate the need for evidence of causation."). Because we agree with the contention Beaty
makes in his brief, we need not address the broader contention he made at oral argument.